

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobold
County Attorney
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-3060
Re: A barber who conscientious-
ly believes that the seventh
day or any other day of the
week ought to be observed as
the Sabbath and who actually
refrains from business and
labor on that day for reli-
gious reasons may operate his
shop on Sunday.

May we thank you for your very competent brief sub-
mitted in connection with this question. Further we believe
that the conclusions you suggest in your letter are correct.
In your request you ask the following questions:

"A question has arisen as to whether a barber,
who conscientiously believes that the seventh or
any other day of the week ought to be observed as
the Sabbath, and who actually refrains from busi-
ness and labor on that day for religious reasons,
may operate his shop on Sundays. This particular
barber claims that he is a member of a religious
organization known as Seventh Day Adventists and
that, according to the tenets of his religion, their
Sabbath begins at sundown on Friday and continues
until sundown on Saturday. This man operates a
one-man barber shop, that is, he has no employees
and personally attends to all of his customers."

Article 283, Penal Code of Texas, entitled "Working
on Sunday," reads as follows:

"Any person who shall labor, or compel, force
or oblige his employes, workmen, or apprentices to

Honorable Charles H. Theobold, Page 2

labor on Sunday, or any person who shall hunt game
of any kind whatsoever on Sunday within one-half
mile of any church, school house, or private resi-
dence, shall be fined not less than ten nor more
than fifty dollars."

The courts of Texas have held that the vocation of
barbering is such labor as to come under the provisions of the
preceding article.  See Ex Parte Kennedy, 42 Tex. Cr. Rep. 148;
58 S.W. 129.

Both the Constitution of the United States and Texas
include provisions protecting the individual in regard to his
thought and actions toward his God.  In line with the American
idea of religious tolerance and freedom of thought, the Legisla-
ture of the State of Texas injected into our law the following
exceptions to Article 283, supra:

". . . nor to any persons who conscientiously
believe that the seventh or any other day of the week
ought to be observed as the Sabbath, and who actually
refrains from business and labor on that day for reli-
gious reasons."  Article 284, Penal Code of Texas.

You do not state, although you imply, that the barber in
question actually observes another day than Sunday as his Sabbath.
Since it is necessary in arriving at a proper answer to determine
this fact, we will assume that the barber "conscientiously believes
that the seventh day of the week ought to be observed as the
Sabbath," and he "actually refrains from business and labor on
that day for religious reasons."

Based on the above assumption of fact, we would answer
your question in the affirmative.  In conclusion we should like
to quote from your letter as we believe your answer is clear and
correct.

". . . further, that it simply resolves itself
into a question of fact as to whether he actually
closes his barber shop at sundown Friday and keeps
it closed until sundown Saturday, which would require
the watchful eye of officers to determine the facts
as to his closing and opening his shop, and as to his
conscientious belief, of course, that is between
himself and his God."

Honorable Charles H. Theobold, Page 3

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Frederik B. Isely
Assistant

FBI:db

APPROVED FEB 12, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN